# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Eriksen Raul Leiva,

    Petitioner

v.

Brian Williams, et al.,

    Respondents

Case No. 2:15-cv-01265-JAD-PAL

**Order Denying Application to Proceed *in Forma Pauperis* and Motion to Appoint Counsel and Directing Clerk of Court to Serve Petition on Respondents**

[ECF 1, 2,]

    Nevada state prisoner Eriksen Raul Leiva has submitted a petition for a writ of habeas corpus and requests court-appointed counsel.[1] Having reviewed Leiva's petition under the applicable standards, I instruct the Clerk of Court to serve Leiva's petition on respondents, and I give respondents 90 to file a response.

    As to Leiva's request for counsel, there is no constitutional right to court-appointed counsel in federal habeas proceedings.[2] The decision to appoint counsel is generally discretionary,[3] and the court must appoint counsel only if the case is so complex that the denial of counsel would amount to a denial of due process or the petitioner's education is so limited that he is incapable of fairly presenting his claims.[4] Leiva's petition shows that he is capable of fairly presenting his claims, and he does not raise complex legal issues. I therefore deny Leiva's request for court-appointed counsel.

---

[1] Levia also filed an application to proceed *in forma pauperis*, ECF 1, but has since paid the filing fee, mooting his petition. *See* ECF 3.

[2] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

[3] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984), cert. denied, 469 U.S. 838 (1984).

[4] *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel **[ECF 2]** is **DENIED**; petitioner's application to proceed *in forma pauperis* **[ECF 1]** is **DENIED** as moot; and:

1. **The Clerk of Court is instructed to electronically serve the petition [ECF 3]** on the respondents.

2. **Respondents have 90 days from the date of service of the petition to file a response.** Respondents are cautioned that any response must comply with the instructions below, which are issued in accordance with Habeas Rule 5.

3. Respondents must raise any procedural defenses together in a single, consolidated motion to dismiss. No procedural defenses should be included with the merits in an answer. Procedural defenses not included in a motion to dismiss may be deemed waived.

4. Respondents are instructed that, in any answer filed on the merits, they must cite to and address the applicable state-court record, if any, that pertains to that claim. All state-court records should be filed as exhibits with a separate index that identifies each by number.

5. **Petitioner will then have 45 days from the date of service of the answer, motion to dismiss, or other response, to file a reply.**

6. The parties must **send courtesy copies of all exhibits to the Reno Division of this court:** Clerk of Court Attn: Staff Attorney, 400 S. Virginia St., Reno, NV, 89501. Courtesy copies may be submitted in paper form or as PDF documents saved to a CD, as long as each PDF is clearly identified by exhibit number.

Dated this 10th day of February, 2016.

_____
Jennifer A. Dorsey
United States District Judge