UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Eriksen Raul Leiva,<br><br>    Petitioner<br><br>v.<br><br>Brian Williams, et al.,<br><br>    Respondents | 2:15-cv-01265-JAD-PAL<br><br>**Order Granting in Part and Denying in Part Motion to Dismiss and Granting Motion for Partial Waiver of Local Rules**<br><br>[ECF Nos. 8, 14] |

Respondents move to dismiss Eriksen Raul Leiva's § 2254 petition, arguing that his claims are partially unexhausted. Because Leiva's petition contains unexhausted claims, I grant in part and deny in part respondents' motion and give Leiva until March 13, 2017, to notify the court how he wishes to proceed in this action. I also grant respondents' motion for partial waiver of local rules.

## Background

On March 11, 2011, a jury in Nevada's Eighth Judicial District Court convicted Leiva of burglary while in possession of a deadly weapon, conspiracy to commit robbery, robbery with use of a deadly weapon, attempted murder with use of a deadly weapon, and battery with use of a deadly weapon.[1] The Nevada Supreme Court affirmed Leiva's conviction on February 9, 2012.[2] Leiva, still represented by counsel, then filed a state habeas petition.[3] The state district court denied Leiva's petition, and the Nevada Supreme Court affirmed. Leiva timely dispatched this federal habeas petition on May 29, 2015, asserting three grounds for relief.[4] Respondents move to dismiss, arguing

---

[1] The exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 8, and are found at ECF Nos. 9-13.

[2] Exhs. 48, 49.

[3] Exhs. 84, 85.

[4] ECF No. 3.

that ground one is partially unexhausted and grounds two and three are entirely unexhausted.[5]

**Discussion**

**A.    Exhaustion**

A federal habeas petitioner first must exhaust state-court remedies on a claim before presenting that claim to the federal court.[6] The exhaustion requirement ensures that the state courts will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.[7] To satisfy the exhaustion requirement, a petitioner must fairly present his claims to the state's highest court.[8] Fair presentation requires that a petitioner (1) identify the federal legal basis for his claims and (2) state the facts entitling him to relief on those claims.[9] A petitioner must alert the state court to the fact that he is asserting a federal claim;[10] mere similarity between a state-law claim and a federal-law claim is insufficient.[11]

**B.    Leiva's claims are partially unexhausted.**

   ***1. Ground one is partially unexhausted.***

Ground one is a claim of ineffective assistance of trial counsel that I break down into six subparts: 1(A) failure to object to confrontation-clause violation; 1(B) opening the door to the admission of the co-conspirator's statement; 3(C) failure to investigate a witness; 4(D) cumulative effect of trial counsel's errors; 5(E) failure to object to a witness testifying about an out-of-court identification; 5(F) failure to investigate and make a "*Brady* request" for fingerprint evidence from

---

[5] ECF No. 8.

[6] 28 U.S.C. § 2254(b)(1)(A).

[7] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[8] *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[9] *See Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[10] *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995).

[11] *See Henry*, 513 U.S. at 366; *see also Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

the sliding-glass door and the handle of a bat.[12] I agree with respondents that subparts 1(E) and 1(F) are unexhausted because Leiva did not present them to the Nevada Supreme Court.[13]

### *2. Grounds two and three are unexhausted.*

In ground two, Leiva asserts that his appellate counsel was constitutionally ineffective.[14] This claim is unexhausted because Leiva did not raise any claims of ineffective assistance of appellate counsel to the Nevada Supreme Court.

In Leiva's third and final claim, he contends that the trial court erred because it should have "taken notice of trial counsel's lack of objection under the Confrontation Clause" and "cautioned trial counsel of a possible confrontation violation" and because it failed to consider jury instruction number eight about witness credibility.[15] Though Leiva raised IAC claims based on confrontation-clause violations, he never presented these trial-court-error claims to the Nevada Supreme Court, nor did he present his claim for trial-court error based on jury instruction number 8. Accordingly, ground three is also unexhausted.

**C.  Because this is a mixed petition, Leiva must advise the court how he wishes to proceed.**

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state-court remedies for **all** claims in the petition.[16] A mixed petition containing both exhausted and unexhausted claims is subject to dismissal.[17] Because Leiva's petition is mixed, he now has three options:

1. Submit a sworn declaration advising the court that he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims only;

---

[12] ECF No. 3 at 3–5.

[13] ECF No. 8 at 4–5; *See* Exh. 78.

[14] ECF No. 3 at 7–8.

[15] *Id.* at 11.

[16] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[17] *Id.*

      2. Submit a sworn declaration advising the court that he will return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

      3. File a motion asking the court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

      As to the third option, Leiva is cautioned that a stay and abeyance is available only in limited circumstances.  To receive a stay and abeyance, Leiva must show that he has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and he has not engaged in intentionally dilatory litigation tactics.[18]

**D.     Motion for partial waiver of local rules**

      Respondents also move for waiver of Local Rules IA 10-3(e) and 10-3(i).[19]  Respondents ask the court to waive LR IA 10-3(e)'s requirement that the cover page of each exhibit include a description of the exhibit, representing that the requirement is unduly burdensome because this action contains 85 exhibits.  Because of the voluminous record in this case, I waive LR 1A 10-3(e)'s cover-page requirement for both parties.

      Respondents also seek a waiver of LR 10-3(i), which requires paper courtesy copies of exhibits when the exhibits exceed 100 pages.  Because respondents complied with an earlier court order in this case permitting the parties to submit courtesy copies to the court either in paper format or on a CD (ECF No. 4), I grant their request to waive LR 10-3(i).

**Conclusion**

      Accordingly, IT IS HEREBY ORDERED that respondents' motion to dismiss **[ECF No. 8] is GRANTED in part and DENIED in part:**

      Grounds 1(E)–(F), 2, and 3 are UNEXHAUSTED;

      Leiva must inform the court how he wishes to proceed with this action by **March 13, 2017.** He has three options: (1) submit a sworn declaration advising the court that he is voluntarily

---

[18] *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

[19] ECF No. 14.

abandoning his unexhausted claims and will proceed on the exhausted claims only; (2) submit a sworn declaration advising the court that he will return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice, or (3) file a motion asking the court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. **If Leiva fails to take one of these actions by March 13, 2017, this action will be dismissed without prejudice and without further notice.**

IT IS FURTHER ORDERED that if Leiva elects to abandon his unexhausted grounds, respondents will have 30 days from the date Leiva serves his declaration of abandonment to file an answer to Leiva's remaining grounds for relief. The answer must comply with Rule 5 of the Rules Governing § 2254 cases in the United States District Court. Leiva will then have 30 days from receipt of respondents' answer to file a reply.

IT IS FURTHER ORDERED that respondents' motion for partial waiver of Local Rule IA 10-3 **[ECF No. 14] is GRANTED.**

Dated February 13th, 2017

_____
Jennifer A. Dorsey
United States District Judge