# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Eriksen Raul Leiva,

    Petitioner

v.

Brian Williams, et al.,

    Respondents

Case No.: 2:15-cv-01265-JAD-PAL

**Order Denying Motion to Stay Pending Exhaustion, and Directing Further Action by Petitioner**

[ECF Nos. 17, 18, 19, 20]

Eriksen Raul Leiva petitions under 28 U.S.C. § 2254 for habeas corpus relief from his 2011 state-court conviction for burglary while in possession of a deadly weapon, conspiracy to commit robbery, robbery with use of a deadly weapon, attempted murder with use of a deadly weapon, and battery with use of a deadly weapon.[1] I granted respondents' motion to dismiss the petition in part, concluded that grounds 1(e), 1(f), 2, and 3 are unexhausted, and directed Leiva to advise how he desires to proceed.[2] Leiva's election was to move for a stay and abeyance under *Rhines v. Weber* so that he may exhaust the remaining grounds.[3] I find that Leiva has not demonstrated a basis for a stay and abeyance, deny his motion, and give him until March 23, 2018, to inform this court in a sworn declaration whether he wants to (1) formally and forever abandon his unexhausted grounds and proceed with this action on the exhausted ones; or (2) dismiss this petition without prejudice and return to state court to exhaust his unexhausted claims.

---

[1] ECF No. 3.

[2] ECF No. 16.

[3] ECF No. 17. Respondents opposed (ECF No. 21), and Leiva replied (ECF No. 22).

1

**Discussion**

In *Rhines v. Weber*,[4] the United States Supreme Court limited the district courts' discretion to allow habeas petitioners to return to state court to exhaust claims. When a petitioner pleads both exhausted and unexhausted claims—known as a mixed petition—the district court may stay the petition to allow the petitioner to return to state court to exhaust the unexhausted ones only if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.[5] "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]."[6] "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."[7] The Supreme Court's opinion in *Pace v. DiGuglielmo*,[8] suggests that this standard is not particularly stringent, as the High Court held that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust."[9]

In my February 13, 2017, order, I found four of Leiva's grounds unexhausted: two ineffective-assistance-of-trial counsel claims, a claim of ineffective appellate counsel, and three claims of trial-court error.[10] Leiva argues that he can demonstrate good cause for failure to

---

[4] *Rhines v. Weber*, 544 U.S. 269 (2005).

[5] *Id*. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).

[6] *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

[7] *Id*.

[8] *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

[9] *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). *See also Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

[10] *See* ECF Nos. 3, 16 (identifying these grounds: (1) ground 1(E): trial counsel failed to object to a witness testifying regarding an out-of-court identification; (2) ground 1(F): trial counsel

exhaust these claims because his state postconviction counsel was ineffective for failing to raise them.[11]

The Ninth Circuit recognized in *Blake v. Baker* that a showing of ineffective assistance of postconviction counsel, in line with *Martinez v. Ryan*,[12] may serve as good cause, but the petitioner must provide evidence to support the underlying theory of ineffective assistance of counsel.[13] *Martinez* "forge[d] a new path for habeas counsel to use ineffectiveness of state [postconviction relief] counsel as a way to overcome procedural default in federal habeas proceedings."[14] It created a narrow exception to the general rule that errors of postconviction counsel cannot provide cause for a procedural default.[15] But the *Martinez* exception applies only to substantial claims of ineffective assistance of trial counsel; it cannot supply cause to excuse the procedural default of a substantive claim of trial-court error[16] or ineffective assistance of appellate counsel.[17]

---

failed to investigate and make a "*Brady* request" regarding fingerprints from the sliding glass door and the handle of a bat; (3) ground 2: appellate counsel rendered ineffective assistance in violation of his Sixth Amendment rights; and (4) ground 3: Leiva's Fourteenth Amendment rights to due process and a fair trial were violated because (a) the trial court should have "taken notice of trial counsel's lack of objection under the Confrontation Clause; (b) the trial court should have "taken notice and cautioned trial counsel of a possible confrontation violation"; and (c) the trial court failed to consider jury instruction no. 8 regarding witness credibility).

[11] ECF No. 17.

[12] *Martinez v. Ryan*, 566 U.S. 1 (2012).

[13] *Blake*, 745 F.3d at 982–984.

[14] *Lopez v. Ryan*, 678 F.3d 1131, 1133 (9th Cir. 2012).

[15] *Martinez*, 566 U.S. at 16–17.

[16] *See id.*

[17] *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

Leiva's unexhausted claims consist of two trial IAC claims, a claim of appellate IAC, and three claims of trial-court error.[18] Because *Martinez* can only save claims of trial IAC, it offers no help to Leiva's claims of trial-court error and ineffective assistance of appellate counsel. So, at best, *Blake* and *Martinez* could potentially assist only Leiva's trial IAC claims.

But Leiva has not demonstrated that these claims are potentially meritorious. A jury found Leiva guilty of several counts, including attempted murder and battery with a deadly weapon.[19] Leiva appears to assert in ground 1(e) that trial counsel was ineffective for failing to object to the out-of-court identification when a police detective testified at trial that Brigette Harden told him that Leiva was her boyfriend and that his name was Eric Fuentes.[20] Respondents point out that, even assuming that there were some basis to object and no reasonably strategic reason for counsel not to, Leiva fails to show that there is a reasonable probability of a different outcome at trial in the absence of the testimony. Leiva's defense was not based on his identity: he claimed instead that he acted in self-defense after the victim hit him with a baseball bat.[21] Plus, the victim identified Leiva at trial.[22]

In ground 1(f), Leiva claims that trial counsel failed to investigate and make a "*Brady* request" regarding fingerprints from the sliding-glass door and the handle of a bat. Leiva argues that the fingerprint evidence would show that the victim hit Leiva first with the baseball bat. The State has a duty to turn over evidence that is favorable to the defense.[23] To prove a violation of

---

[18] *See supra* note 10.

[19] Exh. 28. Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 8, and are found at ECF Nos. 9–14.

[20] ECF No. 3 at 5; Exh. 25 at 158.

[21] *See, e.g.*, Exh. 23 at 39 (defense opening statement); Exh. 67 at 8 (state district court concluded that the defense advanced three logical defenses: mutual combat, self defense and heat of passion).

[22] Exh. 23 at 82.

[23] *See Strickler v. Green*, 527 U.S. 263, 280 (1999).

4

this duty that violates due process under *Brady* and its progeny, a petitioner must show that the evidence was favorable to the accused, either because it is exculpatory, or because it is impeaching; the State suppressed the evidence, either willfully or inadvertently; and prejudice resulted.[24] Prejudice—often referred to as materiality—is established by showing "that 'there is a reasonable probability' that the result of the trial would have been different if the suppressed [evidence] had been disclosed to the defense."[25]

Leiva does not argue that any such fingerprint evidence exists.[26] Besides, it would have established only that the victim held the bat at some point. But Leiva acknowledges in his petition that his co-defendant asserted that the victim grabbed the bat.[27] And, as respondents note, such fingerprint evidence would only have reaffirmed an undisputed fact at trial. Leiva has not shown a reasonable probability of a different outcome at trial, and any fingerprint evidence was not material under *Brady*. So, I conclude that Leiva has failed to show that the trial-counsel IAC claims in grounds 1(e) and 1(F) are potentially meritorious.

In sum, Leiva has failed to demonstrate a basis for a stay and abeyance, so I deny the motion. Leiva now has until March 23, 2018, to file a sworn declaration informing this court whether he wants to (1) formally and forever abandon the unexhausted grounds for relief in this petition and proceed on the exhausted grounds; OR (2) dismiss this petition without prejudice and to return to state court to exhaust his unexhausted claims.

## Conclusion

IT IS THEREFORE ORDERED that petitioner's motion for stay and abeyance **[ECF No. 17] is DENIED**;

---

[24] *Id*. 281–82.

[25] *Id*. at 289.

[26] *See Blake*, 745 F.3d at 982–984.

[27] ECF No. 3 at 4. *See also* Exh. 48 (Nevada Supreme Court order affirming the conviction and noting that the victim attempted to defend himself with a baseball bat).

5

IT IS FURTHER ORDERED that **petitioner has until March 23, 2018, to file a sworn declaration informing this court whether he wants to (1) formally and forever abandon the unexhausted grounds for relief in this petition and proceed on the exhausted grounds; OR (2) dismiss this petition without prejudice and to return to state court to exhaust his unexhausted claims**. If petitioner elects to abandon his unexhausted grounds, respondents will have 30 days from the date that petitioner serves his declaration of abandonment to file an answer to his remaining grounds for relief. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. Petitioner will then have 30 days after service of respondents' answer to file a reply.

IT IS FURTHER ORDERED that respondents' three motions for extension of time to file a response to the motion to stay **[ECF Nos. 18, 19, 20] are GRANTED** *nunc pro tunc*.

Dated February 22, 2018

_____
U.S. District Judge Jennifer A. Dorsey